CERTIFIED COPY
A True Copy
Teste:
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

FILED
SEP 0 8 2009
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# In the
# United States Court of Appeals
## For the Seventh Circuit

Nos. 07-4038 & 07-4039

UNITED STATES OF AMERICA,
                                      *Plaintiff-Appellee,*

v.

JONATHAN GEAR,
                                      *Defendant-Appellant.*

Appeals from the United States District Court for the
Northern District of Illinois, Western Division.
Nos. 01 CR 50004 & 06 CR 50067—**Philip G. Reinhard**, *Judge*.

ARGUED JANUARY 5, 2009—DECIDED AUGUST 17, 2009

Before EASTERBROOK, *Chief Judge*, and POSNER and WILLIAMS, *Circuit Judges*.

PER CURIAM. Jonathan Gear pleaded guilty to possessing a firearm, despite prior convictions that made it unlawful for him to do so. 18 U.S.C. §922(g)(1). He was sentenced to 63 months' imprisonment. Because he committed that crime while on supervised release from an earlier firearms conviction, the judge revoked his release and directed him to spend 21 additional months of the earlier sentence in custody. The effective sentence

thus is 84 months. Gear contends that it is too high, for three principal reasons: first, the judge did not give him enough credit for assistance to the prosecutor (who filed a motion under U.S.S.G. §5K1.1); second, 84 months exceeds the Guideline for his new crime (57 to 71 months) and is unreasonable; third, the judge miscalculated the recommended range by starting with a base offense level of 20 under §2K2.1(a)(4) rather than 14 under §2K2.1(a)(6).

The first two arguments are unavailing. The district judge acknowledged the prosecutor's motion but concluded that Gear's criminal history (he is in category IV) and risk of recidivism justify a sentence within the recommended range notwithstanding the assistance. That conclusion does not constitute an abuse of discretion. Nor is there any error (or abuse of discretion) in running the new sentence consecutively to 21 months imposed on the revocation of supervised release. A felon who obtains and uses a firearm promptly after being released from prison on another firearms offense is dangerous; the appropriate sentence for such a person, who effectively proclaims himself undeterrable, is higher than the sentence for someone who lets several years pass between episodes of unlawful possession. A felony committed while on supervised release from an earlier conviction for the same offense cries out for lengthy imprisonment to protect society by incapacitating a person who scoffs at both legal and moral obligations.

The third argument, by contrast, is substantial. Section 2K2.1(a)(4) sets a base offense level of 20 for a person who

Nos. 07-4038 & 07-4039 3

has a prior felony conviction for a crime of violence. A felon-in-possession conviction is not a "crime of violence" under §2K2.1(a)(4), which incorporates by reference the definitions in U.S.S.G. §4B1.2(a). See §2K2.1 Application Note 1 ¶3. A felon-in-possession conviction makes one a "prohibited person", and a "prohibited person" who does not have a conviction for a "crime of violence" starts with a base offense level of 14 under §2K2.1(a)(6)(A). Six offense levels is the difference between a range of 30 to 37 months and a range of 57 to 71 months.

Section 4B1.2(a) is in the career-offender section of the Sentencing Guidelines. We concluded in *United States v. Woods*, No. 07-3851 (7th Cir. Aug. 5, 2009), that the language defining crimes of violence for career-offender purposes should be read the same way as the definitions of "violent felonies" in statutes such as 18 U.S.C. §16 and 18 U.S.C. §924(e), recidivist-sentencing statutes from which the Sentencing Commission borrowed when drafting §4B1.2. And *Begay v. United States*, 128 S. Ct. 1581 (2008), which was decided after Gear's sentencing, has substantially changed the rules for the identification of qualifying convictions. Gear did not object at sentencing to the classification of his earlier conviction, but that classification was plain error under the approach this court has adopted in *Woods*. See *United States v. Olano*, 507 U.S. 725 (1993) (spelling out the standards for plain-error review).

When using §2K2.1(a)(4), the district court relied on Gear's conviction for reckless discharge of a firearm, in violation of 720 ILCS 5/24-1.5(a). This statute provides:

> A person commits reckless discharge of a firearm by discharging a firearm in a reckless manner which endangers the bodily safety of an individual.

This statute does not have as an element the use or attempted use of force against the person of another. Most convictions under this law appear to arise from shooting guns into the air. See, e.g., *People v. Collins*, 214 Ill. 2d 206, 824 N.E.2d 262 (2005); *People v. Watkins*, 361 Ill. App. 3d 498, 837 N.E.2d 943 (2005). Thus the crime is violent, or not, under the residual category of U.S.S.G. §4B1.2(a)(2), which includes a crime that is "burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." And the problem with classifying reckless discharge of a firearm as violent under the residual category is that *Begay* deems an offense included only if it is similar to burglary or arson in the sense of entailing "purposeful, violent, and aggressive conduct". 128 S. Ct. at 1586.

Section 720 ILCS 5/24-1.5(a) includes at least two varieties of weapons offenses. In one, the person discharges the gun recklessly. (Think of someone carrying a pistol in his waistband who draws it out to show it to a friend and recklessly pulls the trigger in the process, firing a bullet into the crowd even though he did not mean to shoot.) In the other, the person fires the gun deliberately but is reckless about the consequences. (Think of someone who stands on an overpass and shoots toward passing cars.) The second variety satisfies *Begay* because firing a gun toward occupied cars is purposeful, violent, and aggressive

Nos. 07-4038 & 07-4039 5

conduct that creates a substantial risk of harm. The first does not. If the judge could peek at the charging papers and plea colloquy, it would often be possible to learn whether the defendant engaged in purposeful, aggressive conduct. But the Supreme Court has held that federal recidivism enhancements depend on the crime of conviction, not what the defendant did in fact. See, e.g., *Taylor v. United States*, 495 U.S. 575 (1990); *Shepard v. United States*, 544 U.S. 13 (2005).

May we disambiguate Gear's crime of conviction by reference to his deeds? *Woods* reaches two conclusions that bear on that question. *Woods* holds, first, that courts must not look beyond the statutory ingredients of a crime, unless the offense is "divisible" into parts, some of which meet the federal "violent felony" standard and some of which don't. Only when an offense is divisible may a court examine the charging papers and plea colloquy to classify the conviction. *Woods* holds, second, that as a rule an offense in which the mental state is recklessness does not meet the standards established by the Supreme Court in *Begay*. Those conclusions control here.

Illinois's reckless-discharge offense is not "divisible" as *Woods* uses that term. It establishes a single offense; neither subsections nor a list mark any discrete offense as one in which the defendant intends to shoot and is reckless about the bullet's destination. As 720 ILCS 5/24-1.5(a) creates only one offense, the "recklessness" component applies to all of its elements, including the discharge of the gun. This means that conviction under 720 ILCS 5/24-1.5(a) need not denote the sort of purposeful,

aggressive, and violent conduct that *Begay* requires for classification as a violent felony under the residual category.

After *United States v. Booker*, 543 U.S. 220 (2005), the Guidelines are advisory. A judge is free to mete out a 63-month sentence to someone in Gear's position if the judge concludes that Gear's criminal history shows him to be dangerous, and in need of incapacitation, whether Gear's base offense level is 14 or 20. See *Spears v. United States*, 129 S. Ct. 840 (2009); *Kimbrough v. United States*, 552 U.S. 85 (2007). But the judge should start by knowing what sentence the Guidelines recommend. Gear's sentence is vacated, and the case is remanded for resentencing consistent with this opinion.