CERTIFIED COPY

A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

Case: 09-3727    Document: 00711526356    Filed: 04/29/2011

**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted November 3, 2010*
Decided April 7, 2011

**F I L E D**

APR 2 9 2011

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT.

Before

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

| | |
|---|---|
| Nos. 09-3727 & 09-3728<br><br>UNITED STATES OF AMERICA,<br>  *Plaintiff-Appellee,*<br><br>v.<br><br>JONATHAN GEAR,<br>  *Defendant-Appellant.* | Appeals from the United States District Court for the Northern District of Illinois, Western Division.<br><br>Nos. 01 CR 50004 & 06 CR 50067<br>Philip G. Reinhard, *Judge.* |

### Order

Jonathan Gear pleaded guilty to possessing a firearm despite a conviction that made this illegal. He was sentenced to 63 months' imprisonment, consecutive to 21 months' imprisonment for violating the terms of his supervised release. On direct appeal we rejected all but one of Gear's arguments. The successful argument was that the district judge should not have treated one of his earlier convictions as a "crime of violence" for the purpose of U.S.S.G. §2K2.1(a)(4). Our decision cut six levels off of the Guidelines calculation and reduced the recommended range from 57–71 months to 30–37 months. Before remanding for resentencing, however, we observed: "the Guidelines are advisory. A judge is free to mete out a 63-month sentence to someone in Gear's

---

* These successive appeals have been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

position if the judge concludes that Gear's criminal history shows him to be dangerous, and in need of incapacitation, whether Gear's base offense level is 14 or 20. [Citations omitted.] But the judge should start by knowing what sentence the Guidelines recommend." *United States v. Gear*, 577 F.3d 810, 813 (7th Cir. 2009).

On remand, the district judge recalculated the sentencing range but concluded, as we had anticipated he might, that 63 months remains appropriate, and that 21 additional months on revocation of supervised release also remains appropriate. Gear has appealed a second time, contending that the total sentence of 84 months is unreasonable. One of his arguments—that the judge should not have made the two terms consecutive—was considered and rejected in the prior appeal. The argument is no stronger the second time around. Actually it is weaker because of the law of the case. Gear also contends that both 63 months for the new offense and the total of 84 months for the new offense plus the fact that it was committed while on supervised release is unreasonably high. But this, too, is a rerun. We told the district judge both that 63 months for the new crime, and running the sentences consecutively, would be reasonable, if the judge continued to think this appropriate after taking account of the Sentencing Commission's (correctly understood) recommendation. We do not see any reason to reverse course.

Although Gear contends that the district judge did not adequately address his arguments for a lower sentence, we have reviewed the transcript and conclude that the judge adequately responded to the material issues. A judge need not slog through each argument, when the rationale can be gleaned from context. See *Rita v. United States*, 551 U.S. 338, 356–60 (2007). We do not understand the judge to have foresworn all possibility of lenience based on rehabilitation after the initial sentencing. Instead the judge doubted that Gear, who is a repeat offender, was less of a risk to society today than he was at the time of the original sentencing. This appeal therefore is not affected by *Pepper v. United States*, 131 S. Ct. 1229 (2010), which concluded that, when resentencing a defendant after an appellate remand, the district judge is entitled to consider evidence of the defendant's good conduct in prison. *Pepper* did not hold that a sentence reduction for self-improvement is essential or that the district judge must discuss this subject in every resentencing.

Gear contends that the district judge committed a procedural error by treating as two episodes of misconduct a single wrongful use of a firearm on May 13, 2005. The prosecutor agrees with Gear that he brandished a firearm only once that day but contends that the district judge's statement was a slip of the tongue rather than a material error. Yet when explaining his sentence the judge referred separately to different parts of the presentence report as if they established two distinct events on May 13, and when wrapping up the judge stated: "Your conduct with a weapon and using it and threatening to use it on several occasions and possessing it while on supervised release, *at least on three separate incidence* ... after your release from the halfway house, all show that you are a dangerous person" (emphasis added). Yet the

record documents only two post-release episodes.

  Unfortunately, no one pointed out this error to the district judge, so he did not have an opportunity to reveal whether the difference between two and three post-release episodes is material to his sentence. The United States contends that the standard of appellate review is plain error. But the presentence report was correct, and the error first appeared in the district judge's explanation of his sentence, after the presentations of counsel had been completed. Lawyers need not take exception to judicial rulings already made. Fed. R. Crim. P. 51(a); *United States v. Bartlett*, 567 F.3d 901, 910 (7th Cir. 2009). The harmless-error standard, not the plain-error standard, therefore governs this appeal. The United States does not contend that the error was harmless. We therefore vacate the sentence a second time and remand for another sentencing proceeding in which misapprehensions about Gear's criminal history will not play a role.