UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 06 CR 50067 |
| | ) | 01 CR 50004-2 |
| | ) | Judge Philip G. Reinhard |
| JONATHAN GEAR | ) | |

## UNITED STATES' RULE 43 MEMORANDUM

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, responds to defendant Jonathan Gear's Sentencing Memorandum as follows:

### Introduction

On April 29, 2011, the appellate court remanded these cases for resentencing. At a status hearing, defendant informed the court through his attorney that he wished to waive his presence at the resentencing hearing so that he could continue to participate in a Bureau of Prisons substance abuse program. Unfortunately, there is no authority that allows defendant to waive his presence at a resentencing hearing under these circumstances. Therefore, the government requests that the court require defendant to be physically present at his resentencing hearing.

### Analysis

Federal Rule of Criminal Procedure 43(a) states "Unless this rule, Rule 5, or Rule 10, provides otherwise, the defendant must be present at: (3) sentencing." Subsection (c) of this Rule states in relevant part:

>  (1)   In General. A defendant was initially present at trial, or who had pleaded guilty or nolo contendere, waives the right to be present under the following

1

circumstances:

(A) when the defendant is voluntarily absent after the trial has begun, regardless of whether the court informed the defendant of an obligation to remain during trial;

(B) in a noncapital case, when the defendant is voluntarily absent during sentencing; or

(C) when the court warns the defendant that it will remove the defendant from the courtroom for disruptive behavior, but the defendant persists in conduct that justifies removal from the courtroom.

In *Crosby v. United States*, 113 S.Ct. 748 (1993), the Supreme Court held that the use of the limiting phrase "except as otherwise provided," in Federal Rule of Criminal Procedure 43, clearly indicates that the list of situations in which trial may proceed without defendant is exclusive. In addition, the court expressly declined to rule on whether a defendant's presence may be waived in other circumstances. *Id.* at 753. The term "presence" within the meaning of Rule 43 requiring presence at sentencing means physical presence, and therefore, resentencing defendant by video teleconference violates Rule 43. *United States v. Lawrence*, 248 F.3d 300 (4th Cir. 2001). (See also: *United States v. Thompson*, 599 F.3d 595 (7th Cir. 2010) (Seventh Circuit held that at a hearing to revoke supervised release could not be conducted by video conference under Federal Rule of Criminal Procedure 32.1).

The government was unable to find any authority that would allow defendant to waive his right to be present at his resentencing hearing under these circumstances. Defense counsel has reported that defendant wants to waive his right to be present at his resentencing hearing. Defendant apparently believes that if he is transported from the Bureau of Prisons to Ogle County his participation in a drug treatment program will be disrupted and an eventual assignment to a halfway house may be terminated. If this is true, defendant may

2

later claim that any purported waiver of his right to be present at his resentencing was coerced by those Bureau of Prison policies.

## Conclusion

For the foregoing reasons, the United States respectfully requests this Court require defendant to be physically present at his resentencing hearing.

          Respectfully submitted,

          PATRICK J. FITZGERALD
          United States Attorney

By: \s
MARK T. KARNER
Assistant United States Attorney
308 W. State Street, Suite 300
Rockford, Illinois 61101
(815) 987-4444

**CERTIFICATE OF FILING AND SERVICE**

  I, MARK T. KARNER, certify that on July 1, 2011, I caused the foregoing United States' Response to Defendant's Sentencing Memorandum to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, Western Division.

                \s
              MARK T. KARNER
              Assistant United States Attorney
              308 West State Street - Room 300
              Rockford, Illinois 61101
              (815) 987-4444