UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.   06 CR 50067 |
| vs. | ) | 01 CR 50004-2 |
| | ) | |
| | ) | Hon. Philip G. Reinhard |
| JONATHAN GEAR, | ) | Judge Presiding |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RULE 43 MEMORANDUM

NOW COMES the Defendant, JONATHAN GEAR, by and through his attorneys, Byrd & Taylor, by Mark A. Byrd, and herewith submits his Memorandum concerning Rule 43 of the Federal Rules of Criminal Procedure, for consideration by this Honorable Court.

INTRODUCTORY COMMENTS

On April 7, 2011, the United States Court of Appeals for the Seventh Circuit vacated Defendant's sentences in these matters and remanded for a new sentencing hearing. The Defendant is currently participating in the Residential Drug Abuse Program at FCI Reno in Oklahoma, and is expected to graduate successfully from the program on or around October 7, 2011. On July 10, 2011, Defendant executed an Affidavit subsequently filed with the Court indicating that he wished to voluntarily waive his right to be physically present at the sentencing hearing, and wished to participate via videoconferencing. Included in his filings with the Court were progress reports from the Bureau of Prisons indicating that he was doing well in the program, as well as statements indicating that the Defendant believed the program has been a

critical component of his rehabilitation efforts while in prison, and further indicating that he did not want to be removed from the program to attend his sentencing hearing in Rockford, Illinois. Further, it is Defendant's understanding that if he is removed prematurely from the program to attend his sentencing hearing in Rockford, he will lose his position in the program and be denied successful completion and graduation from the program.

It is Defendant's position that Federal Rule of Criminal Procedure 43(c)(1)(B) provides the vehicle for allowing him to waive his right to be physically present at sentencing, and to allow him to proceed via video conference. Further, Defendant is willing to voluntarily waive his right to be physically present at his sentencing hearing and proceed via video conference, if allowed by the Court. Alternatively, Defendant respectfully requests that the Court postpone his sentencing hearing until early November, 2011, to enable him to complete and graduate from the program on October 7, 2011, and be transported back to Rockford for sentencing.

ARGUMENT

I.

THE PLAIN LANGUAGE OF FEDERAL RULE OF CRIMINAL PROCEDURE 43(c)(1)(B) ALLOWS VOLUNTARY WAIVER OF THE RIGHT TO BE PRESENT FOR SENTENCING IN A NONCAPITAL CASE.

Federal Rule of Criminal Procedure 43(c)(1)(B) expressly states that a defendant who has pleaded guilty waives the right to be present "in a noncapital case, when the defendant is voluntarily absent during sentencing." While much of the case law interpreting this section deals with situations where a Defendant has absconded or fled the jurisdiction of the court in the middle of trial or after trial to avoid sentencing and punishment, there is nothing about the language of the section that limits it to those scenarios. Further, interpreting Rule 43(c)(1)(B) to allow a

knowing and voluntary waiver of the right to be present and to proceed by video conferencing from the prison in Reno would provide the Defendant greater protection from sentencing errors that the traditional *in absentia* sentencing utilized under §43(c)(1)(B), where a Defendant is not present at all, has no interaction with the court or his counsel, and cannot allocute in any way, shape, or form.  In a video conferencing situation such as that sought by the Defendant, he would be able to interact and communicate to the Court, communicate with his attorney, and allocute albeit not face to face.

In United States v. Achbani, 507 F.3d 598 (7th Cir. 2007), the Seventh Circuit discussed the1995 Amendments to Rule 43 which added §(c)(1)(B), and noted that:

> Prior to 1995, the rule provided that, under certain circumstances, a defendant could waive his right to be present at trial; the rule was silent, however, as to whether the right to be present at sentencing similarly could be waived....This disparity in the language of the rule caused some courts to conclude that the right to be present at sentencing never could be waived, even when the defendant had fled. [citing United States v. DeValle, 894 F.2d 133, 137 (5th Cir. 1990); United States v. Songer, 842 F.3d 240, 242 (10th Cir. 1988); United States v. Curtis, 523 F.2d 1134, 1135(D.C. Cir. 1975)].  Apparently in response to the these decisions, Rule 43 was amended in 1995 to provide explicitly that a defendant in a non-capital case waives the right to be present at his sentencing if he is 'voluntarily absent.'  The drafters explained that this amendment was intended 'to make clear that a defendant ...who has entered a plea of guilty or nolo contendere, but who voluntarily flees before sentencing, may nonetheless be sentenced in absentia.

Achbani, 507 F.3d at 601-02.

The Achbani Court further noted that a finding of voluntary absence is reviewed for clear error, and that '[b]efore proceeding, the district court must explore on the record any 'serious questions' raised about whether the defendant's absence was knowing and voluntary." Id.

3

Although the Achbani case was a situation where the Defendant appealed his in absentia sentencing after a finding that he had voluntarily absented himself from the jurisdiction of his sentencing court, it would be illogical to interpret the plain language of Rule 43(c)(1)(B) to allow a finding of "voluntary absence" on the basis of a defendant absenting themselves from the court voluntarily prior to his sentencing hearing, yet not allow a defendant to knowingly and intelligently waive his right to be present following admonishments of his rights to be present under Rule 43(a). Perhaps the most important factor to consider is that the Achbani defendant objected to the finding of waiver, unlike the present case.

In fact, every case reviewed by your author addressing this issue whether the finding of waiver was upheld or rejected by the respective appeals' courts involved situations where the defendant objected to a finding of waiver or objected to not being present when sentenced. The Fourth Circuit addressed the issue, again in the context of a defendant who objected to proceeding to sentencing via video conference in United States v. Lawrence, 248 F.3d 300 (4th Cir. 2001). In Lawrence, the Fourth Circuit previously vacated the defendant's sentence and remanded for a new sentencing hearing. Because the defendant was a demonstrable menace who the Bureau of Prisons noted was 6'8" tall, 300 pounds, and was considered a "danger for transport" and a "very dangerous individual due to his past behavior," the district court opted to sentence him via video conference from his prison at the super-maximum security prison in Florence, Colorado. Lawrence, 248 F.3d at 302. Although the Fourth Circuit again vacated the defendant's sentence, its discussion of Rule 43 suggests that a voluntary waiver may be allowed under former Rule 43(b)(2), that has since been amended and codified today in Rule 43(c)(1)(B):

> The right to be present under Fed.R.Crim.P. 43, however, is not absolute. The rule offers certain limited exceptions to the general requirement of physical presence...[f]irst, Rule 43(b)(2) states that the defendant will be considered to have waived the right to be present whenever a defendant 'in a non-capital case, is voluntarily absent at the imposition of sentence.' Lawrence's situation, however, does not meet the plain language of this exception....[t]here was nothing 'voluntary' about Lawrence's absence in the sense that voluntary has been repeatedly used by the Supreme Court. *See, e.g., Ricketts v. Adamson,* 483 U.S. 1, 8-11, 107 S.Ct. 2680, 97 L.Ed.2d 1 (1987) (voluntariness is knowing and understanding the waiver); *Johnson v. Zerbst,* 304 U.S. 458, 464-65, 58 S.Ct. 1019, 82 L.Ed.1461 (1938) (knowing and intelligent waiver required for voluntariness). Lawrence objected when he learned of the proposed video sentencing. He even filed an interlocutory appeal with this court to require the district court to allow him to attend his sentencing hearing. And he renewed his objection at the sentencing hearing itself.

Lawrence, 248 F.3d at 304-05.

Defendant respectfully submits that implicit in the Fourth Circuit's discussion of voluntary waiver in Lawrence is the idea that a sentencing hearing via video conference may occur within the meaning of Rule 43 if the defendant provides a knowing and intelligent waiver of his right to be present.

Similarly, the Fifth Circuit had occasion to address the issue in United States v. Navarro, 169 F.3d 228 (5th Cir. 1999). In Navarro, both Navarro and a co-defendant, Samuel Edmondson were charged and convicted of conspiracy to possess with intent to distribute methamphetamine and possession with intent to distribute methamphetamine. The district court proceeded to sentence the defendants via video conference because they and their attorneys were approximately 300 miles away from the courthouse. Defendant Navarro consented to being sentenced by video conference and defendant Edmondson objected to the process. Navarro, 169 F.3d at 229. In a published opinion, Judge Schell overruled Edmondson's objection and sentenced both defendants

via video conference. See United States v. Edmondson, 10 F.Supp. 651 (E.D. Tex. 1998). Though the Fifth Circuit vacated Edmondson's sentence based on there being a violation of Rule 43, there is little or no mention of co-defendant Navarro, who had agreed and waived his right to be present. Though not appealed by Navarro, his sentence was left intact while Edmondson's was vacated and remanded. The situation presented by Navarro again seems to suggest that a knowing and voluntary waiver of the right to be present under Rule 43 will be upheld if the waiver is knowing and voluntary.

     As a practical matter, a knowing and voluntary waiver of constitutional and statutory rights are frequently entertained and allowed by the courts. A defendant may knowingly and voluntarily waive his right to be tried by a jury when he opts for a bench trial; his right to be tried at all when he pleads guilty; his right to confront witnesses, compel their attendance, and cross-examine them when he pleads guilty; his right to be represented by counsel when he invokes his right to self-representation; his right to be free from warrantless searches and seizures when he gives a consent to search; his right to be free from self-incrimination when, after proper Miranda warnings, he freely and voluntarily waives that right and agrees to talk to the police, and his right to appeal, when such a condition is made a part of a knowing and voluntary plea agreement. There is nothing magical about Rule 43 that would exclude it from a criminal defendant's other fundamental trial and appellate rights and his right to knowingly and voluntarily give those rights up. Further, the language of Rule 43 contemplates waiver without knowing and voluntary admonishments when a defendant flees or wilfully fails to appear for sentencing. Defendant respectfully submits that a knowing and voluntary waiver following proper admonishments would sufficiently constitute a type of waiver contemplated by Rule 43(c)(1)(B).

The United States has objected to proceeding in this fashion, and cites the cases of Crosby v. United States, 113 S.Ct. 748 (1993), United States v. Lawrence, discussed above, and United States v. Thompson, 599 F.3d 595 (7th Cir. 2010). In the Thompson case, the defendant objected to proceeding to the hearing to revoke supervised release with his Judge being present via video conference, and did not execute a knowing and voluntary waiver of his right to have the Judge be present for the proceeding. In Lawrence, as noted above, the Fifth Circuit's discussion suggests that a knowing and voluntary waiver may be taken, but distinguishes it from Mr. Lawrence's situation, where he objected twice, once by interlocutory appeal and once at sentencing. Finally, in the Crosby case, the Court disallowed the trial in absentia of a defendant under the former version of Rule 43 prior to the 1995 amendments, and is cited by the government for the singular proposition that the list of exceptions to the physical presence requirement is both enumerated and constitutes an exhaustive list. Once again, the principles in Crosby would remain undisturbed in light of one of the enumerated exceptions to physical presence being Section (c)(3)(B), which allows for a defendant to be voluntarily absent in a non-capital case.

Finally, the United States raises the possibility that the Defendant could attempt to come back on appeal and argue that due to the Bureau of Prisons policy that if the Defendant is removed from the program he will lose his position in the program is inherently coercive, rendering his knowing and voluntary waiver ineffective. While that is unlikely given the fact that the Defendant will likely be released within the next eighteen months from his original sentences in these cases, he understands that as a principal of law that does not matter. More importantly, however, the government's speculation in this regard would seem similar to a defendant's ability to argue that the entire process and fear of a greater prison sentence coerced his plea of guilty.

Such arguments are routinely rejected by the appellate courts as long as the defendant is properly admonished and properly waives his rights knowingly and admits on the record that it is voluntary. For these reasons, Defendant urges this Court to allow him to execute a knowing and voluntary waiver, which he has by affidavit filed previously with the Court. In the alternative, should the Court believe that a more detailed waiver is appropriate, Defendant requests an opportunity to execute a more detailed affidavit explaining that he understands that he will not be allowed to claim later that he was coerced by any Bureau of Prisons policy with respect to his participation in the drug program. Finally, Defendant requests that if the Court is uncomfortable moving forward in this fashion or believes the current state of the law does not allow it, that he be allowed to complete the program on October 7, 2011, then be transferred to Rockford for his sentencing hearing.

CONCLUSION

FOR THE FOREGOING REASONS, the Defendant, JONATHAN GEAR, respectfully requests this Honorable Court overrule the objection lodged by the United States to his being allowed to execute a knowing and voluntary waiver of his right to be present at his sentencing hearing under Federal Rule of Criminal Procedure 43. Alternatively, Defendant respectfully requests that his sentencing hearing be postponed until a date in early to mid-November, to allow him sufficient time to complete his drug program at FCI Reno, as well as granting such other relief as the Court deems equitable and just.

Respectfully Submitted,

JONATHAN GEAR

By: \_\_\_\_/s_____
Mark A. Byrd
Attorney for the Defendant

Byrd & Taylor
Attorneys at Law
308 W. State St. Ste. 450
Rockford, IL 61101
(815) 964-5492

## **CERTIFICATE OF SERVICE**

_____The undersigned hereby certifies that in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF), the following document:

DEFENDANT'S RULE 43 MEMORANDUM

was served pursuant to the district court's ECF system as to ECF filers on July 26, 2011.

_____/s_____
Mark A. Byrd